## SLATTERY v. EMPIRE DOCK & BOAT CO., Inc.

### No. 10819.

Court of Civil Appeals of Texas. San Antonio.

Dec. 11, 1940.

J. Hodge Thompson and W. O. Slattery, both of Corpus Christi, for appellant.

Kleberg, Eckhardt & Lowe, of Corpus Christi, for appellee.

SMITH, Chief Justice.

W. O. Slattery brought this action against Empire Dock and Boat Company, Inc., alleging that the latter had wrongfully converted to its own uses a certain boat belonging to Slattery. The parties will be referred to as plaintiff and defendant, respectively, as in the trial court.

Plaintiff alleged that he took title to the boat while it was in the possession of defendant, as bailee, and thereafter, on or about January 17, 1939, made lawful demand on defendant for possession of the boat, which defendant refused, thereby converting the property, to plaintiff's damage in the amount sued for.

The cause was tried by the court without a jury, and judgment was rendered denying any recovery to plaintiff, and for defendant on its cross-action for dockage. The trial judge timely filed his written findings of fact and conclusions of law, as follows:

"Findings of Fact.

"1. That plaintiff became the owner of the boat 'Lady Esther' upon the 28th day of December, 1938, and was the owner of such boat on or about January 17, 1939, the date of its purported conversion by defendant.

"2. That defendant came into lawful possession, as bailee, of such boat prior to ownership by plaintiff and remained in lawful possession thereof after such boat became the property of plaintiff.

"3. The weight of the evidence shows that at no time has plaintiff been refused possession of such boat 'Lady Esther' and particularly that plaintiff was not refused possession thereof on or about January 17, 1939, the date of the alleged conversion.

"4. The defendant docked and cared for said boat for plaintiff and the reasonable charges for such services amounted to the sum of $20.00.

"Conclusions of Law.

"1. The Court finds that under the facts and law there was no conversion of the boat 'Lady Esther' by defendant at any time and particularly on or about January 17, 1939. * * *

"3. The Court finds, therefore, that plaintiff should not recover anything from defendant, but that defendant should recover against plaintiff. * * *"

The case, when stripped of nonessentials, becomes a very simple one, purely of fact. It is submitted upon plaintiff's three assignments of error, and the appeal will be disposed of on those assignments, rather than upon plaintiff's propositions of law.

Plaintiff contends in his first assignment of error that the trial judge erred in his second finding of fact that plaintiff was not at any time, and particularly on the date alleged by him, refused possession of his boat. The evidence was in sharp conflict on that issue, and the trial court's finding thereon is therefore binding upon this court. We overrule plaintiff's first assignment of error.

In his second assignment of error plaintiff contends that the court erred in finding that the boat was not converted by defendant. That assignment must be overruled because the evidence amply supported that finding. For a like reason we overrule plaintiff's third and remaining assignment of error, that "The trial court erred in finding that the appellee docked and cared for the boat 'Lady Esther' for appellant and that the reasonable charges therefor were $20.00."

These conclusions encompass and dispose of the several incidental questions discussed under plaintiff's propositions of law rendering them immaterial to the appeal.

No reversible error is presented, and the judgment is affirmed.